IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 5:10-CV-255-D

| | |
|---|---|
| BRUCE R. MARSHALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of the Social Security )<br>Administration, )<br>)<br>Defendant. ) | **ORDER** |

On January 31, 2012, Magistrate Judge Daniel issued a Memorandum and Recommendation ("M&R") [D.E. 43]. In the M&R, Judge Daniel recommended that the court deny Bruce R. Marshall's ("Marshall" or "plaintiff") motion for judgment on the pleadings [D.E. 34], grant Michael J. Astrue's ("Commissioner" or "defendant") motion for judgment on the pleadings [D.E. 40], and affirm the final decision of Commissioner. [D.E. 43] 21. On February 14, 2012, plaintiff filed objections to the M&R [D.E. 44]. On February 28, 2012, the Commissioner responded to plaintiff's objections [D.E. 46].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the disputed portions of the M&R. Under the Social Security Act, a district court reviewing the Commissioner's final decision to award or deny disability benefits considers only whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., 42 U.S.C. § 405(g); Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence "is evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained his findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Here, Marshall's objections simply rehash the arguments addressed in the M&R concerning (1) whether the ALJ erred in failing to find that Marshall met or equaled Listing 1.02, (2) whether the ALJ erred in failing to include in Marshall's Residual Functional Capacity ("RFC") that Marshall requires frequent breaks, (3) whether the ALJ erred in posing a hypothetical question to the vocational expert that did not include Marshall's need for frequent breaks, (4) whether the ALJ erred

2

in finding that Marshall has the RFC for light work, and, (5) whether the ALJ erred in rejecting Marshall's subjective evidence of pain. Compare [D.E. 44] 1–16, with [D.E. 43] 6–21. The court agrees with Judge Daniel's thorough analysis and adopts that analysis as the court's own. Plaintiff's objections to the M&R [D.E. 44] are OVERRULED, plaintiff's motion for judgment on the pleadings [D.E. 34] is DENIED, defendant's motion for judgment on the pleadings [D.E. 40] is GRANTED, and defendant's final decision is AFFIRMED.

SO ORDERED. This 5 day of March 2012.

JAMES C. DEVER III
Chief United States District Judge